**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-31304**

---

**ERICA COOK BUNTYN,**

**Plaintiff-Appellant,**

**VERSUS**

**HORSESHOE ENTERTAINMENT, doing business**
**as Horseshoe Casino & Hotel,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
For the Western District of Louisiana

---

(98-CV-2239)

December 21, 2001

Before JONES and DeMOSS, Circuit Judges, and LIMBAUGH,[1] District
Judge.

PER CURIAM:[2]

The case before us concerns a claim made by plaintiff-
appellant, Erica Cook-Buntyn (Buntyn), against defendant-appellee,
Horseshoe Entertainment (Horseshoe), alleging that she was the

---

[1]District Judge of the Eastern District of Missouri, sitting by
designation.

[2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

victim of racial discrimination when Horseshoe discharged her and failed to pay her equal wages in violation of Title VII, 42 U.S.C. § 2000 et seq. Before Buntyn's case went to trial, she moved to have Robert Piper, Jr. (Piper), disqualified as trial attorney for Horseshoe based on communications between Piper and Horseshoe officials in which Piper allegedly complained of Horseshoe's discriminatory treatment of African-Americans. The district court found that the communications in question concerned matters that would not be admissible at trial and, therefore, the motion was not justified.

Buntyn's case was tried before a jury in September 2000. At the close of Buntyn's case, Horseshoe moved for judgment as a matter of law. The district court granted the motion after an oral colloquy with counsel. The court followed the framework set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), in which: (1) the plaintiff must prove a prima facie case by a preponderance of the evidence; (2) the defendant then must rebut the presumption of intentional discrimination by articulating legitimate, non-discriminatory reasons for the challenged actions; and (3) the plaintiff must counter by offering evidence that the legitimate, non-discriminatory reasons are really a pretext for discrimination.

The district court found that Buntyn was able to prove her prima facie case of discrimination. However, the court also found

2

that Horseshoe had presented evidence indicating that there existed legitimate, non-discriminatory reasons for firing Buntyn. As a result, the district court properly directed Buntyn to adduce evidence of a pretext.

After Buntyn presented additional evidence in support of her claim, the district court concluded that she had not met her burden of showing a pretext. As a result, the court granted Horseshoe's motion for a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The district court relied on *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334 (5th Cir. 1999), in reaching its decision. In *Casarez*, this Court applied a two-part test to determine whether evidence was sufficient for the purpose of showing a pretext. *Id.* at 337. Under this test, the court must consider "whether 'the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a [motivating] factor in the actions of which the plaintiff complains.'" *Id.* (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc)). The district court, after considering this test, concluded that there was no evidence of racial animus on the part of Horseshoe. Rather, the court concluded that Buntyn had violated the terms of her employment. We must note that the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000),

3

which was not mentioned by the district court, does not affect the law applicable to the present case. In fact, **Reeves** affirmed our en banc precedent established in **Rhodes**. *See **Vadie v. Mississippi State Univ.**, 218 F.3d 365, 373 n. 23 (5th Cir. 2000), *cert. denied*, 531 U.S. 1150 (2001) (holding that "**Rhodes** is consistent with **Reeves** and continues to be the governing standard" in the Fifth Circuit).

Buntyn now raises three issues on appeal: (1) whether the district court erred by failing to disqualify Robert E. Piper, Jr., as trial attorney for Horseshoe and to allow discovery on the issues underlying his potential disqualification; (2) whether the district court abused its discretion when it granted Horseshoe's motion for judgment as a matter of law at the close of Buntyn's evidence as to her racial discrimination discharge claim under Title VII of the Civil Rights Act of 1964; and (3) whether the district court abused its discretion when it granted Horseshoe's motion for judgment as a matter of law at the close of Buntyn's evidence as to her unequal wage claim under 42 U.S.C. § 2000e-2(a)(1), which is part of Title VII of the Civil Rights Act of 1964. We have fully considered the respective parties' briefing on these issues, carefully reviewed the entire record of this case, and heard oral arguments. As to the first two issues on appeal, we AFFIRM the judgment of the district court for the same reasons given by the district court.

As to the third issue, we also Affirm the district court's decision to dismiss the case. However, the district court did not provide specific reasons for dismissing this particular claim. We believe it is sufficient to note that there is no evidence in the record to support a claim that Buntyn was being paid less than other employees because of her race. Specifically, Buntyn argues that a white employee in the same shift supervisor position, named Vera Parker (Parker), earned more than she did. While the record reflects that Buntyn was initially being paid lower wages than Parker because she had substantially less experience and qualifications regarding employment in the food industry, it also reflects that in less than two years she was earning the same amount as all employees hired as shift supervisors. It is well settled that an employee's qualifications and experience are legitimate non-discriminatory reasons for paying one employee more than another. *See, e.g.,* **Messer v. Meno**, 130 F.3d 130, 137 (5th Cir. 1997).

**AFFIRMED.**